IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

```
FILED
16 OCT 19 PM 2:35
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____KKC_____
         DEPUTY CLERK
```

SHOEMAKER WELLSITE OUTFITTERS & SUPPLY, LLC; BART SHOEMAKER; and JACQUELYN SHOEMAKER,
            Plaintiffs,

-vs-                                     Case No. A-16-CA-656-SS

HYTORC OF TEXAS, INC. and SCOTT CHELOOTZ, C.E.O.,
            Defendants.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendants Hytorc of Texas, Inc. and Scott Chelootz (Defendants)'s Motion to Dismiss for Lack of Subject Matter Jurisdiction [#17] and Defendants' Memorandum in Support [#18]. Having considered the documents, the file as a whole, and the governing law, the Court enters the following opinion and orders GRANTING Defendants' motion and DISMISSING the case for lack of subject matter jurisdiction.

### Background

Plaintiffs Shoemaker Wellsite Outfitters & Supply, LLC, Bart Shoemaker, and Jacquelyn Shoemaker (Plaintiffs) filed a complaint against Defendants *pro se*, which provides limited backgrounds facts.[1] It is unclear whether Plaintiffs worked as independent contractors for Defendants

---

[1] For reference, while Bart Shoemaker and Jacquelyn Shoemaker may proceed *pro se*, Shoemaker Wellsite Outfitters & Supply, LLC must be represented by an attorney licensed to practice in this Court. *See Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam) ("[T]he clear rule is that a corporation as a fictional legal person can only be represented by licensed counsel.") (quotation omitted). The issue is moot for this case, however, as the Court is granting Defendants' motion to dismiss.

or were actually employed by Defendants. *Compare* Compl. [#1] at 14 (discussing a quasi-contract where Defendants promised to pay Plaintiffs a 45% commission) *with id.* at 11 (claiming Defendants "threatened to fire [Jacquelyn Shoemaker] if she said anything to anyone about . . . getting hooker[s] for the night.").

According to Plaintiffs, Defendants failed to pay Plaintiffs a promised commission. Compl. [#1] at 6–7. Specifically, Plaintiffs claim "breach of contract, failure to pay commissions, fraud in factum, sexual harassment, and coercion, intimidation, and duress . . . ." *Id.* at 2. On the civil cover sheet of Plaintiffs' complaint, Plaintiffs list 41 U.S.C. § 6503 as the statute under which they are filing. Compl. Civil Cover Sheet [#1-2]. Plaintiffs also cite to Title VII of 1964 Civil Rights in describing their allegations of sexual harassment and discrimination. Compl. [#1] at 11. Finally, Plaintiffs reference the Fifth Amendment of the United States Constitution, claiming Defendants were unjustly enriched at the expense of Plaintiffs' life, liberty, and property. *Id.* at 9.

In identifying the grounds for this Court's jurisdiction, Plaintiffs assert jurisdiction is proper "because [this Court] is the closest Federal Court to where the Plaintiffs resided." *Id.* at 2. Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(1), claiming the Court lacks subject matter jurisdiction. Defs.' Mem. [#18]. Plaintiffs have not responded to Defendants' motion to dismiss. Although the time for Plaintiffs' response has elapsed, the Court nevertheless considers Defendants' motion to dismiss on the merits rather than merely granting Defendants' motion as unopposed.

## Analysis

### I.  Legal Standard

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner,* 404 U.S. 519, 520–21 (1972). The allegations in the complaints, "particularly a *pro se* complaint, must be

accepted as true, along with any reasonable inference that may be drawn therefrom." *Watts v. Graves*, 720 F.2d 1416, 1419 (5th Cr. 1983). Plaintiffs' *pro se* status, however, does not afford "an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Regardless of a litigant's *pro se* status, "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). Federal courts are of limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Id.*

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1). The Fifth Circuit Court of Appeals authorizes two types of challenges under Rule 12(b)(1): a "facial attack" and a "factual attack." *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). When a defendant files a 12(b)(1) motion unaccompanied by supporting evidence, it is considered a facial attack, and "the trial court is required merely to look to the sufficiency of the allegations in the complaint because they are presumed to be true." *Id.* On the other hand, a factual attack challenges the Court's subject matter jurisdiction irrespective of the pleadings, and therefore, in reviewing a factual attack, matters outside the pleadings are considered, such as "affidavits, testimony, or other evidentiary materials." *Id.*

In the event of a factual attack, "a plaintiff is also required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial

court does have subject matter jurisdiction." *Id.* Unlike a facial attack, when a defendant makes a factual attack, "no presumptive truthfulness attaches to a plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson* v. *Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). Rather, "the trial court is free to weigh the evidence and resolve factual disputes dispositive of subject matter jurisdiction[.]" *Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004). In conducting that inquiry, the Court may consider: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the Court's resolution of disputed facts." *Id.* Ultimately, dismissal is warranted if the plaintiff's allegations, together with any undisputed facts, do not establish the Court has subject matter jurisdiction. *See Hobbs v. Hawkins*, 968 F.2d 471, 475 (5th Cir. 1992).

## II. Application

While Defendants move for dismissal due to lack of jurisdiction, Plaintiffs nevertheless bear the burden to establish subject matter jurisdiction. *See Howery*, 243 F.3d at 916. Plaintiffs do not meet that burden, and the Court dismisses the Plaintiffs' complaint for lack of jurisdiction.

To begin, Plaintiffs assertion jurisdiction is proper "because [this Court] is the closest Federal Court to where the Plaintiffs resided" is insufficient to establish federal jurisdiction. Compl. [#1] at 2. As federal courts are courts of limited jurisdiction, Plaintiffs' residence does not confer subject matter jurisdiction on this Court. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Rather than merely dismissing the case because the jurisdictional statement is inadequate to prove jurisdiction, the Court now examines the substance of the complaint to determine if it raises a claim federal courts are authorized by the Constitution or federal statue to hear. *Id.*

After reviewing Plaintiffs' complaint, there are two potential sources of federal jurisdiction: federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. If at least one claim falls within the court's original jurisdiction, the remaining claims might be heard under supplemental jurisdiction if they "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a).

A.     **Federal Question Jurisdiction**

Under Article III and 28 U.S.C. § 1331 federal courts only have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[T]he question of whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citation omitted). A plaintiff could establish federal question jurisdiction by alleging a state cause of action that Congress has transformed into an inherently federal claim by completely preempting the field. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64 (1987). More typically, "[a] federal question exists only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337–38 (5th Cir. 2008) (internal quotation omitted).

Regarding this latter category of "necessary resolution" cases, the "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow*, 478 U.S. at 813. Likewise, "the presence of a disputed federal issue . . . [is] never necessarily dispositive." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). Instead, the "necessary resolution" language, "far from creating some kind of automatic test, . . .

recognize[s] the need for careful judgments about the exercise of federal judicial power in an area of uncertain jurisdiction." *Merrell Dow*, 478 U.S. at 814.

The Supreme Court has summed up the relevant inquiry concerning whether federal jurisdiction exists: "[T]he question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314. The Fifth Circuit has broken down this inquiry into four factors: "(1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Singh*, 538 F.3d at 338.

Here, Plaintiffs' "breach of contract, failure to pay commissions, fraud in factum, sexual harassment, and coercion, intimidation, and duress" claims do not raise a claim under the Constitution, laws, or treaties of the United States— they are state law claims. Compl. [#1] at 2. And these state law claims do not depend on the resolution of a substantial question of federal law or raise any federal issues.

While these claims are completely governed by state law, Plaintiffs do reference federal law. For example, Plaintiffs specify 41 U.S.C. § 6503 as the United States statute under which they file their suit. Compl. Ex. B [#1-2]. But § 6503 only applies to the breach or violation of specific representations or stipulations in a contract made by an agency of the United States for the manufacture or furnishing of materials, supplies, articles, or equipment. *See* 41 U.S.C. § 6503 (incorporating §6502 by reference). As this suit does not appear to concern a contract to which the United States is a party, suit under § 6503 is improper.

Plaintiffs also cite to Title VII, a federal law that creates a cause of action. Compl. [#1] at 11. However, "[i]n order to give notice to defendants of potential claims and to ensure that the Equal Employment Opportunity Commission ("EEOC") can investigate and obtain voluntary compliance with the law, Title VII requires that claims be brought with the EEOC before courts may consider them." *Chhim v. Univ. of Texas at Austin,* No. 16-50200, 2016 WL 4586909, at *3 (5th Cir. Sept. 2, 2016) (citations omitted). District courts within the Fifth Circuit will not consider Title VII claims not first asserted before the EEOC. *Id.* Plaintiffs' complaint contains no indication any claim was brought before the EEOC and thus this Court will not consider a potential Title VII claim.

Finally, Plaintiffs' complaint includes a reference to the Fifth Amendment. Compl. [#1] at 9. But the Fifth Amendment protects against only government action; in particular, it prohibits the government from depriving persons of life, liberty, or property without due process of the law. U.S. CONST. amend. V. Consequently, the Fifth Amendment does not apply here as there is no indication Defendants were acting on behalf of, under, or in relation to any government entity.

In total, Plaintiffs' complaint does not raise any federal issues and thus does not establish federal question jurisdiction.

**B.     Diversity Jurisdiction**

District courts also have original, diversity jurisdiction over civil actions between "citizens of different States," where the amount in controversy is over $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The Supreme Court has interpreted this statute to require "complete diversity"—that is, the citizenship of every plaintiff must be different from that of every defendant. *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 68 (1996). For purpose of diversity jurisdiction, an individual is a citizen of the state where she establishes her domicile. *Preston v. Tenet Healthsystem Mem'l*

*Med. Ctr., Inc.,* 485 F.3d 793, 797 (5th Cir. 2007). A corporation is a citizen of the state where it has its principal place of business and all states where it is incorporated. 28 U.S.C. § 1332(c)(1).

Here, Plaintiffs seem to be Texas residents. *See* Compl. [#1] at 2, 16 (claiming this Court is the closest federal court to Plaintiffs' residence and listing Kyle, Texas in Plaintiffs' address). At least one Defendant also resides in Texas. *See* Defs.'s Mot. Dismiss Ex. A [#18-1] (indicating Hytorc of Texas, Inc. was incorporated in Texas on February 7, 1992). As the parties appear to reside in the same state, complete diversity does not exist and diversity jurisdiction does not apply.

## Conclusion

In sum, dismissal is warranted because Plaintiffs' allegations, together with undisputed facts, do not establish the Court has subject matter jurisdiction.

Accordingly,

IT IS ORDERED that Defendants Hytorc of Texas, Inc. and Scott Chelootz's Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction [#17] is GRANTED; and

IT IS FINALLY ORDERED that Plaintiffs Shoemaker Wellsite Outfitters & Supply, LLC, Bart Shoemaker, and Jacquelyn Shoemaker's claims against Defendants Hytorc of Texas, Inc. and Scott Chelootz are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

SIGNED this the 18th day of October 2016.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE